NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC AMERICAN FISH CO., INC., a California corporation,<br><br>                   Plaintiff,<br><br>   v.<br><br>LINKFRESH, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>                   Defendants. | CASE NO. CV 17-6999-R<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

      Before the Court is Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction, which was filed on October 26, 2017. (Dkt. No. 15). Having been thoroughly briefed by both parties, this Court took the matter under submission on November 30, 2017.

      On August 15, 2017, Plaintiff filed a complaint in the Superior Court for the County of Los Angeles alleging claims for promissory fraud, negligent misrepresentation, restitution after rescission of contract, and breach of contract. On August 23, 2017, Defendant Linkfresh was served with the complaint. On September 21, 2017, Defendant timely removed the case on the basis of diversity jurisdiction.

\\\

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…." *Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1331. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business ("PPB"). *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's PPB is the place where its officers "direct, control, and coordinate the corporation's activities." *Id.* at 92-93. Diversity is determined by the state of the facts at the time the action was filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

Plaintiff alleges that it is a California corporation with its PPB in California. Plaintiff alleges that Defendant is a Delaware corporation with its PPB in California. In its notice of removal, Defendant states that it is a Delaware corporation and that its PPB is actually located in Cambridge, England. The parties do not dispute that the amount in controversy is at least $75,000.

Having reviewed the parties' briefs and supporting evidence, the Court finds that Defendant has established removal jurisdiction by a preponderance of the evidence. Defendant affirms the following by declaration. At the time the Complaint was filed, and at all times since then, Defendant has had seven members on its board of directors. Five of these directors reside in the United Kingdom. All Board of Director meetings are held in the United Kingdom. At these meetings, the Board of Directors makes strategic and operational decisions about Defendant's

business. Defendant's employment, accounting, and payroll activities are maintained and directed out of the United Kingdom. There are no separate meetings held in the United States. Although Defendant maintains a mailing address in California, Defendant's officers direct, control, and coordinate the corporation's activities from Cambridge, England. Therefore, Defendant's PPB is in Cambridge, and the parties are diverse. Accordingly, this Court has diversity jurisdiction over this action.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No. 15).

Dated: January 10, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE